**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 11-cv-02430-WYD-KMT

LUCAS DEMAESTRI,

Plaintiff,

v.

VERIFACTS, INC.,

Defendant.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO
FED.R.CIV.P. 56(a)**

COMES NOW, the Defendant, VeriFacts, Inc. ("Defendant" or "VeriFacts"), by and through its counsel of record, and for its Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56(a), states as follows:

### I.   INTRODUCTION

Plaintiff filed his Complaint on September 15, 2011. See, Docket No. 1. In his Complaint, Plaintiff alleges that VeriFacts "initiated a pull of Plaintiff's consumer report from Experian without a permissible purpose, attempting to collect an alleged debt." Id., ¶¶ 8-12. Plaintiff alleges that this occurred twice on December 10, 2009, once on March 18, 2010, once on September 1, 2010, and once on September 20, 2010. Id. Plaintiff alleges that this conduct violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* (the "FCRA"). In this regard, Plaintiff alleges that VeriFacts is a "furnisher of information" as defined in 15 U.S.C. § 1681s-2,[1]

---

[1] It should be noted that, contrary to Plaintiff's assertion, the term "furnisher of information" is not defined in the FCRA. Moreover, Plaintiff does not allege any violation that is based upon his conclusory allegation that VeriFacts is a "furnisher of information."

2

and that VeriFacts "willfully violated 15 U.S.C. 1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. § 1681b." Id., ¶¶ 15-16.

In addition, Plaintiff alleges that VeriFacts violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (the "FDCPA"). Plaintiff alleges that VeriFacts is a "debt collector" as defined under 15 U.S.C. § 1692(a)(3) and that it violated §§ 1692e(10) and f(1) of the FDCPA in an attempt to collect a debt. Id., ¶¶ 19-20.

As set forth below, with respect to Plaintiff's claims under the FCRA, it is undisputed that VeriFacts is in the skip tracing business, and that it provided Plaintiff's location information only to its debt collection clients, who certified that the information would be used in connection with a credit transaction involving the consumer and involving the extension of credit, or in connection with the review or collection of an account of the consumer, as permitted by the FCRA. Therefore, VeriFacts had a "permissible purpose" to obtain location information from Plaintiff's credit report. Further, as VeriFacts is not considered a "debt collector" under the FDCPA, Plaintiff's claims under that statute must fail as a matter of law.

Accordingly, VeriFacts respectfully requests that the Court dismiss Plaintiff's claims with prejudice and enter judgment in favor of VeriFacts and against Plaintiff.

## II.     MOVANTS STATEMENT OF MATERIAL FACTS

1.     VeriFacts is in the business of providing creditors and debts collectors with "skip tracing" information. *See*, **Exhibit A**, Affidavit of Sheila Gabler, ¶ 3.

2.     "Skip tracing" is a term used in the collection industry to describe the process of gathering location information relating to consumers.[2] Id.

---

[2] "Skip tracing" has been described by the Seventh Circuit as follows: "Collection agencies provide skip tracers with identifying information, such as debtors' names and social security numbers. The skip tracers then use their particular talents to discover the debtors' whereabouts. The skip tracers pass this information back to the collection agencies, which may then contact the debtors or their employers to attempt collection of the debt through

3. VeriFacts does not engage in the practice of collecting debts owed or due, or asserted to be owed or due, to another. Id., ¶ 4.

4. The principal purpose of VeriFacts' business is to provide skip tracing information to its clients. Id.

5. VeriFacts does not obtain any credit data from any of the credit bureaus. Id., ¶ 5.

6. In this case, VeriFacts obtained location information regarding Mr. DeMaestri in order to provide this information to two of VeriFacts' clients, which are both debt collection agencies. Id., ¶ 5.

7. Both of VeriFacts' clients referenced in Paragraph No. 6 certified to VeriFacts that the information they obtained from VeriFacts would be used in connection with a credit transaction involving the consumer and involving the extension of credit, or in connection with the review or collection of an account of the consumer, as permitted by the Fair Credit Reporting Act. Id., ¶ 6.

8. The inquiries made by VeriFacts were for no other purpose than to provide its clients with Plaintiff's location information pursuant to their certification that the information they obtained from VeriFacts would be used in connection with a credit transaction involving the consumer and involving the extension of credit, or in connection with the review or collection of an account of the consumer, as permitted by the Fair Credit Reporting Act. Id., ¶ 7.

9. The consumer reporting agencies from whom VeriFacts obtained the information posted "soft" inquiries on Plaintiff's consumer file. That means that the inquiries are only visible to the consumer and not to creditors or other customers of the consumer reporting agencies. As such, these types of "soft" inquiries do not influence a consumer's credit score or credit report. Id., ¶ 8.

---

garnishment of wages or otherwise." U.S. v. Cummings, 395 F.3d 392, 394 (7th Cir. 2005).

### III.     SUMMARY JUDGMENT STANDARDS

Summary judgment under Fed.R.Civ.P. 56 is appropriate when "…the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In applying the standard, the Court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Atlantic Richfield v. Farm Credit Bank, 226 F. 3d 1138, 1148 (10th Cir. 2000)(quoting Martin v. Kansas, 190 F.3d 1120, 1129 (10th Cir. 1999)). However, under Rule 56, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Summary Judgment under Rule 56 is regarded "as an integral part of the Federal Rules" and is designed "'to secure the just, speedy, and inexpensive determination of every action.'" Celotex Corp., 477 U.S. at 327.  Thus, Rule 56 must be construed with due regard not only for the rights of persons asserting claims that are adequately based in fact, but also for the rights of entities opposing such claims to demonstrate prior to trial that the claims have no basis. *See id*.

No longer may a Plaintiff avoid summary judgment by presenting a "merely colorable" claim or "a scintilla" of evidence. See, Anderson v. Liberty Lobby, Inc., 477 U.S. at 250-251. Rather, in the face of a properly supported motion for summary judgment, the Plaintiff must offer significant probative evidence tending to support the complaint. Id. at 256.

### IV. VERIFACTS IS ENTITLED TO JUDGMENT AS A MATTER OF LAW WITH RESPECT TO PLAINTIFF'S CLAIMS UNDER BOTH THE FCRA AND THE FDCPA

#### A. There is no Genuine Issue of Material Fact that VeriFacts Obtained Information Regarding Plaintiff's Consumer Report for a Permissible Purpose under the FCRA.

Plaintiff asserts that violated the FCRA by obtaining Plaintiff's consumer report without a "permissible purpose" as defined by §1681b of the FCRA. See *Plaintiff's Complaint*, ¶ 16. Plaintiff alleges that this alleged conduct violated 15 U.S.C. § 1681b(f). Id.

To prove a FCRA violation, the plaintiff must show that the user had an impermissible purpose in obtaining the credit report. See, Kennedy v. Chase Manhattan Bank United States, NA, 369 F.3d 833, 842 (5th Cir. 2004); See also, Korotki v. Attorney Services Corp. Inc., 931 F. Supp. 1269, 1276 (D. Md. 1996).

Conversely, a showing of a permissible purpose is a complete defense. See, Advanced Conservation Sys. Inc. v. Long Island Lighting Co., 934 F. Supp. 53, 54 (E.D.N.Y. 1996). The question of permissible purpose is a legal one and can be resolved on summary judgment. See, Zeller v. Samia, 758 F. Supp. 775, 781-82 (D. Mass. 1991).

Section 1681b(a) of the FCRA provides a consumer reporting agency may furnish a consumer report under the following circumstances:

> (3) To a person which [the consumer reporting agency] has reason to believe –
>
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer.

15 U.S.C. § 1681b(a)(3)(A).

Courts have routinely held that collection of a debt is a permissible purpose for seeking a consumer's credit report. See, Huertas v. Galaxy Asset Management; 641 F.3d 28 (3rd Cir. 2011); see also, Korotki v. Thomas, Ronald & Cooper, P.A., 1997 U.S. App. LEXIS 34157 (4th Cir. 1997)(obtaining a consumer report for use in collecting an account owed by the consumer is a permissible purpose); Etefia v. Russell Collection Agency, Inc., 20 Fed. Appx. 485 (6th Cir. 2001)(holding that requesting a credit report "to review the collection of an account of a consumer" is authorized under the FCRA); Greenhouse v. TRW, Inc., 1998 U.S. Dist. LEXIS 1973 (E.D. La. Feb. 12, 1998)(FCRA authorizes a person to obtain a consumer report in connection with collection of a debt); Geer v. Medallion Homes Ltd. P'ship, No. 04-CV-71294, 2005 U.S. Dist. LEXIS 25948 (E.D. Mich. Oct. 20, 2005)(holding that "[s]ection 1681b(a)(3)(A) is interpreted to allow access to a consumer report when that access would . . . facilitate the collection of pre-existing debt.").

In addition, businesses who provided "skip tracing" information, such as VeriFacts, fall within the scope of § 1681b(a)(3)(A). As the court stated in Baker v. Trans Union LLC, et. al., 2010 U.S. Dist. LEXIS 51425, * 19-20 (D. Ariz. May 25, 2010):

> [b]ecause skip-tracers are in the business of locating debtors to facilitate the collection of debts by creditors, their practices fall within the scope of permissible purposes under § 1681b(a)(3)(A).

Id. at *19-20.)(finding that VeriFacts, Inc. had a permissible purpose and therefore did not violate 15 U.S.C § 1681b)(opinion attached hereto); See also, Wilson v. Sessoms, 1998 U.S. Dist. Lexis 8154, * 13 (M.D.N.C. March 16, 1998)(finding that skip-tracing is a permissible purpose under the FCRA) (opinion attached hereto) (citing Korotki v. Attorney Servs. Corp., Inc., 931 F. Supp. 1269 (D. Md. 1996)).

In this case, it is undisputed that VeriFacts is in the business of skip tracing. See, **Exhibit**

**A**, ¶ 3.  It is also undisputed that VeriFacts provides the skip tracing information to its clients, and in this case, VeriFacts obtained location information regarding Plaintiff in order to provide this information to two of VeriFacts' debt collection clients.  Id., ¶¶ 4-5.  Both of VeriFacts' clients certified to VeriFacts that the information they obtained from VeriFacts would be used in connection with a credit transaction involving the consumer and involving the extension of credit, or in connection with the review or collection of an account of the consumer.  Id., ¶ 6.  Accordingly, VeriFacts had a "permissible purpose" as contemplated by § 1681b(a) of the FCRA.  No credit data was obtained by VeriFacts from the credit bureaus.  Id., ¶ 5.  The inquiries made by VeriFacts were for no other purpose than to provide its clients with Plaintiff's location information pursuant to their certification that the information they obtained from VeriFacts would be used in connection with a credit transaction involving the consumer and involving the extension of credit, or in connection with the review or collection of an account of the consumer.  Id., ¶ 7.

Therefore, as VeriFacts had a "permissible purpose" pursuant to 15 U.S.C. § 1681b(a)(3)(A), it did not violate the FCRA.  Plaintiff is unable to point to any genuine issue of material fact to support his conclusory allegations in the Complaint that VeriFacts did not have a "permissible purpose" under the FDCPA. Accordingly, judgment as a matter of law in favor of VeriFacts is warranted.

### B. The FDCPA Does Not Apply to VeriFacts.

Plaintiff also claims that VeriFacts violated §§ 1692e(10) and f(1) of the FDCPA. See, *Plaintiff's Complaint*, ¶¶ 17-20. In order to prevail on an FDCPA claim, Plaintiff must establish three (3) requirements: (i) the plaintiff who has been the target of collection activity must be a "consumer" as defined under 15 U.S.C. §1692a(3); (ii) the defendant collecting the debt must be

7

a "debt collector" as defined in 15 U.S.C. §1692a(6); and (iii) the defendant must have engaged in any act or omission in violation of the FDCPA. Morgan v. Credit Adjustment Board, Inc., 999 F. Supp. 803, 805 (E.D. Va. 1998).

A "debt collector" under the FDCPA is defined as:

> …any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. §1692a(6).

Plaintiff offers the conclusory allegation in his Complaint that VeriFacts is "…a debt collector within the meaning of the FDCPA 15 U.S.C. 1692a(6)." *Plaintiff's Complaint*, ¶ 19. However, Plaintiff's allegations in this regard are inaccurate, as Defendant is not a "debt collector" as defined under the FDCPA.  As set forth above, and in the attached affidavit, VeriFacts does not engage in the practice of debt collection. **Exhibit A**, ¶ 3.  VeriFacts is in the skip tracing business, and does not engage in the collection of debts. Id., ¶¶ 1-5. Skip tracing businesses are not "debt collectors" under the FDCPA. See, Goldstein v. Chrysler Fin. Co., LLC, 276 F. Supp. 2d 687, 690 (E.D.Mich. 2003)(finding that a skip tracing firm hired to locate property does not fall within the definition of a "debt collector" as defined under 15 U.S.C. § 1692a); Campbell v. Triad Fin. Corp. et. al., 2007 U.S. Dist. LEXIS 77623, *26-28 (finding that a skip-tracing agency was not a debt collector within the meaning of the FDCPA).  As stated by the court in Baker, *supra*:

> On balance, because VeriFacts' alleged conduct appears to be no more than 'mere information gathering,' at least in this case, the Court concludes as a matter of law that it is not a 'debt collector' for purposes of the FDCPA.

8

Baker, 2010 U.S. Dist. LEXIS 51425, at *24-25 (citing Campbell, 2007 U.S. Dist. LEXIS 77623, at *26-27; Goldstein, 276 F. Supp. 2d 687, at 690).

Accordingly, as it is undisputed that VeriFacts is not a "debt collector" as defined by the FDCPA, Plaintiff's claims under the FDCPA fail as a matter of law.

WHEREFORE, Defendant respectfully prays that judgment be entered in favor of Defendant and against Plaintiff as to all claims alleged in Plaintiff's Complaint, and for such other and further relief as this Court deems proper.

RESPECTFULLY SUBMITTED this 22nd day of November, 2011.

ADAM L. PLOTKIN, P.C.

By: s/ Steven J. Wienczkowski, Esq.
Steven J. Wienczkowski, #33105
621 Seventeenth Street, Suite 1800
Denver, Colorado 80293
Telephone: (303) 296-3566
FAX: (303) 296-3544
E-mail: swienczkowski@alp-pc.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2011, I electronically filed the foregoing **Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56(a)** using the CM/ECF system and placed the same in the U.S. Mail postage prepaid addressed to:

Lucas DeMaestri
9901 E. Evans Ave., #23D
Denver, CO 80247

By: _s/Steven J. Wienczkowski, Esq._____
Steven J. Wienczkowski

9