**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 11-cv-02430-WYD-KMT

LUCAS DEMAESTRI,

Plaintiff,

v.

VERIFACTS, INC.,

Defendant.

---

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56(a)**

---

COMES NOW, the Defendant, VeriFacts, Inc. ("Defendant" or "VeriFacts"), by and through its counsel of record, and for its Reply in Support of Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56(a), states as follows:

**I.   INTRODUCTION**

On November 22, 2011, Defendant filed its Motion for Summary Judgment (VeriFacts' "Motion"), setting forth that there are no genuine issues of material fact to rebut the fact that VeriFacts had a "permissible purpose" in making an inquiry into Plaintiff's consumer credit history in order to obtain his location information, and therefore did not violate the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA"). Further, as set forth in VeriFacts Motion, as VeriFacts is not a "debt collector," and did not act as a "debt collector" in this case, Plaintiff's claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA") fails as a matter of law.

On December 8, 2011, Plaintiff filed his "Motion in Opposition to VeriFact's Motion for Summary Judgment" (Plaintiff's "Response," Docket No. 13). In his Response, Plaintiff fails to

articulate any genuine issues of material fact to support his contention that VeriFacts did not have a "permissible purpose" under the FCRA, or that it acted as a "debt collector" in this case such that the FDCPA would apply. Accordingly, summary judgment in favor of VeriFacts and against Plaintiff is warranted.

**II.     REPLY CONCERNING UNDISPUTED MATERIAL FACTS**

Pursuant to this Court's Practice Standards, Rule III. B.6, VeriFacts replies to Plaintiff's responses to VeriFacts' Statement of Material Facts as follows:

1.     In his Response, Plaintiff indicates that this fact is "disputed in part," but fails to provide any factual support for this contention; nor does Plaintiff specify which portion of the statement is not disputed. The uncontroverted fact is that VeriFacts is in the business of providing "skip tracing" information, as set forth in the un-rebutted Affidavit of Sheila Gabler, ¶ 3, **Exhibit A**, attached to VeriFacts' Motion.

2.     Plaintiff admits that "Skip tracing" is a term used in the collection industry to describe the process of gathering location information relating to consumers.

3.     In his Response, Plaintiff states that this fact is "disputed," but fails to provide any support for this contention. VeriFacts does not engage in the practice of collecting debts owed or due, or asserted to be owed or due, to another as set forth in the un-rebutted Affidavit of Shelia Gabler, ¶ 4, **Exhibit A**, attached to VeriFacts' Motion.

4.     In his Response, Plaintiff indicates that this fact is "disputed in part," but fails to provide any factual support for this contention; nor does Plaintiff specify which portion of the statement is not disputed. The uncontroverted fact is that the principal purpose of VeriFacts' business is to provide skip tracing information to its clients, as set forth in the Affidavit of Shelia Gabler, ¶ 4, **Exhibit A**, attached to VeriFacts' Motion.

5. In his Response, Plaintiff states that this fact is "disputed," but fails to provide any support for this contention. The uncontroverted fact is that VeriFacts does not obtain any credit data from any of the credit bureaus, as set forth in the Affidavit of Shelia Gabler, ¶ 5, **Exhibit A,** attached to VeriFacts' Motion.

6. In his Response, Plaintiff states that this fact is "disputed," but fails to provide any support for this contention. In this case, the uncontroverted fact is that VeriFacts obtained location information regarding Mr. DeMaestri in order to provide this information to two of VeriFacts' clients, which are both debt collection agencies, as supported by the in the un-rebutted affidavit of Shelia Gabler, ¶ 5, **Exhibit A** attached to VeriFacts' Motion.

7. In his Response, Plaintiff states that this fact is "disputed," but fails to provide any support for this contention. Both of VeriFacts' clients referenced in Paragraph No. 6 certified to VeriFacts that the information they obtained from VeriFacts would be used in connection with a credit transaction involving the consumer and involving the extension of credit, or in connection with the review or collection of an account of the consumer, as permitted by the FCRA, as set forth in in the un-rebutted affidavit of Shelia Gabler, ¶ 6, **Exhibit A** attached to VeriFacts' Motion.

8. In his Response, Plaintiff states that this fact is "disputed," but fails to provide any support for this contention. Plaintiff provided no information to rebut the fact that the inquiries made by VeriFacts were for no other purpose than to provide its clients with Plaintiff's location information pursuant to their certification that the information they obtained from VeriFacts would be used in connection with a credit transaction involving the consumer and involving the extension of credit, or in connection with the review or collection of an account of the consumer, as permitted by the FCRA, and as set forth in the in the un-rebutted affidavit of

Shelia Gabler, ¶ 7, **Exhibit A** attached to VeriFacts' Motion.

9.     In his Response, Plaintiff states that this fact is "disputed," but fails to provide any support for this contention. Plaintiff failed to provide any information to rebut the statements that the consumer reporting agencies from whom VeriFacts obtained the information posted "soft" inquiries on Plaintiff's consumer file, as set forth in the affidavit of Shelia Gabler, ¶ 8, **Exhibit A** attached to VeriFacts' Motion.

### III.   ARGUMENT

Plaintiff's appears to aver three main arguments in his Response: 1) VeriFacts allegedly is disguising the "true nature" of its business and is in fact a "debt collector" because its clients are debt collectors; 2) that VeriFacts has allegedly failed to show the existence of any underlying account that is owed by Plaintiff; and 3) collection of a "debt" is not a "permissible purpose" under the FCRA. Plaintiff's arguments must be rejected.

### A.   Plaintiff Fails to Point to Any Competent Evidence that VeriFacts acted as a "Debt Collector" in this Case such that the FDCPA would Apply.

As set forth in VeriFact's Motion, a "debt collector" under the FDCPA is defined as:

> …any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. §1692a(6).

Plaintiff argues in his Response that "Defendant's operations *could* fall within the definition of a 'debt collector' as defined in the FDCPA and is a question that should be addressed case by case. *Plaintiff's Response,* P. 4 (emphasis added). In support of this argument, Plaintiff cites Baker v. TransUnion, LLC, 2010 U.S. Dist. LEXIS 51425 (D. Ariz.

May 25, 2010), which was also cited by VeriFacts in its Motion.  See, *Plaintiff's Response*, p. 5. Plaintiff's reliance upon Baker is misplaced.  In Baker, the court unequivocally stated: "…because VeriFacts' alleged conduct appears to be no more than 'mere information gathering'… it is not a 'debt collector' for purposes of the FDCPA.  At least two district courts have reached a similar conclusion." Id., at * 24-25 (citations omitted).  As clearly set forth in the affidavit attached to VeriFacts' Motion, VeriFacts *only* obtained location information regarding Plaintiff, did not obtain any credit data from any of the credit bureaus, and inquired into Plaintiff's credit history for no other purpose other than to provide VeriFacts' clients with location information.  See, **Exhibit A**, ¶¶ 5, 7, attached to VeriFacts' Motion.

Rule 56(c)(4) states an affidavit or declaration used to support a motion for summary judgment must be made on personal knowledge, based on facts that would be admissible in evidence, and show that the declarant is competent to testify on the matters stated.  See, Fed.R.Civ.P. 56(c)(4).  Ms. Gabler has personal knowledge as to the facts asserted in her affidavit; stated facts that would be admissible as evidence; and is competent to testify on the matters based on her knowledge and job duties.  See, **Exhibit A**, attached to VeriFacts' Motion; See also, Sperry v. Werholtz, 413 Fed. Appx. 31, 35 (10th Cir. 2011).

In his Response, Plaintiff attached an affidavit which repeats over and over again that Plaintiff is not in receipt of any information, and that there is nothing in the record establishing a relationship between Plaintiff, VeriFacts, and a delinquent account.  See, Exhibit A attached to *Plaintiff's Response.* It is well-established that "… a party opposing a well-supported motion for summary judgment must do more than make conclusory allegations, it 'must set forth specific facts showing that there is a genuine issue for trial.'"  Dart Indus., Inc. v. Plunkett Co., 704 F.2d 496, 498 (10th Cir. 1983)(quoting Fed.R.Civ.P. 56(e); First Nat'l Bank v. Cities Service Co.,

391 U.S. 253, 288-90 (1968)).  Rather than rebut the undisputed material facts set forth in VeriFacts' Motion, Plaintiff's affidavit actually supports the fact that VeriFacts did not have a "debt collector" relationship with Plaintiff and, therefore, the FDCPA simply does not apply.

Plaintiff's Exhibit B attached to his Response equally fails to raise a genuine issue of material fact as to whether VeriFacts is a "debt collector" in this case.  Plaintiff's Exhibit B is a screen shot from a portion of VeriFacts' website.  Plaintiff argues that because this screen shot lists, among other regulations and statutes, the "FDCPA" under the tab "Compliance," that it renders VeriFacts a debt collector in this case.  *Plaintiff's Response*, pp. 7-8.  Plaintiff's arguments in this regard must be rejected.  First, even assuming, *arguendo*, that a reference to the FDCPA that is contained on a screen shot of a page of VeriFacts' website were to establish that VeriFacts has "…taken steps to assure compliance with the FDCPA," as Plaintiff argues (*Plaintiff's Response*, p. 8), a company's compliance (or stated compliance) with the FDCPA does not render it a "debt collector."  See, Hawthorne v. MAC Adjustment, 140 F.3d 1367 (11th Cir. 1998); Betts v. Equifax, 245 F. Supp. 2d 1130 (W.D. Wa. 2003)(use of "Mini-Miranda" does not necessarily make an agency a debt collector); Alexander v. Omega Mgmt., Inc., 67 F. Supp. 2d 1052, 1056 (D. Minn. 1999)(same).  As stated by the U.S. Court of Appeals for the Eleventh Circuit in Hawthorne:

> …Hawthorne attempts to avoid our conclusion by contending that Mac Adjustment waived "any claim to be exempted from the FDCPA." Appellant's Brief at 5. Specifically, she claims that Mac Adjustment "voluntarily inclu[ded] ... FDCPA language in its dunning letter" and thus waived its ability to contend now that the FDCPA does not apply. *Id.* at 6. In support of her argument, Hawthorne relies upon *Vasquez v. Allstate Insurance Co.,* 937 F.Supp. 773 (N.D.Ill.1996).
>
> Several problems with Hawthorne's argument exist. First, we note that the letter sent by Mac Adjustment does not refer to the FDCPA

> at all. Second, federal jurisdiction in this case is predicated on the alleged existence of a federal question under the FDCPA. We have held, however, that the FDCPA does not apply in this case. Thus, to the extent that Mac Adjustment chooses to govern itself according to certain principles of the FDCPA without referring to them expressly in its dunning letters, it is well established that the parties cannot confer federal jurisdiction by "waiving" into applicability of the FDCPA. *See Eagerton v. Valuations, Inc.,* 698 F.2d 1115, 1118 (11th Cir.1983). Rather, federal jurisdiction may be created only by congressional grant. *See Weinberger v. Bentex Pharmaceuticals,* 412 U.S. 645, 652, 93 S.Ct. 2488, 2493, 37 L.Ed.2d 235 (1973).

Hawthorne v. MAC Adjustment, 140 F.3d 1367, 1370 (11th Cir. 1998)

Additionally, even *if* Plaintiff could establish that VeriFacts may *sometimes* be considered a "debt collector," which VeriFacts emphatically disputes since it simply does not engage in the practice of collecting debt and its principle business purpose is "skip tracing" (See, **Exhibit A**, ¶ 4, attached to VerifFacts' Motion), Plaintiff has pointed to *no* evidence whatsoever that VeriFacts attempted to collect a "debt" from him. Indeed, as noted above, Plaintiff states repeatedly in his affidavit that he has no "relationship" whatsoever to VeriFacts or any "account" with VeriFacts. See, Exhibit A attached to *Plaintiff's Response.*

It is Plaintiff's burden to establish the threshold criteria as to whether the FDCPA even applies by establishing that: (i) the plaintiff has been the target of collection activity and is a "consumer" as defined under 15 U.S.C. §1692a(3); and (ii) the defendant collecting the debt is a "debt collector" as defined in 15 U.S.C. §1692a(6). See, Morgan v. Credit Adjustment Board, Inc., 999 F. Supp. 803, 805 (E.D. Va. 1998). Plaintiff's repeated admissions in his Response that there is no established debt collection arrangement between Plaintiff and VeriFacts belies the argument that he is a "consumer" or that VeriFacts was attempting to collect a "debt" from him. Plaintiff simply fails to point to any genuine dispute of material fact as to these threshold

factual criteria (other than his conclusory statements that a single reference to the FDCPA on VeriFacts' website regarding FDCPA compliance makes it a "debt collector") to rebut the unequivocal statements made in the affidavit attached to VeriFacts's Motion which establishes that it does not engage in "debt collection" in general, and more importantly, did not engage in any debt collection in this case.

### B. VeriFacts has Established that VeriFacts Obtained Location Information Regarding Plaintiff's Consumer Report for a Permissible Purpose under the FCRA.

It is Plaintiff's burden to show that the user had an impermissible purpose in obtaining the credit report.  See, Kennedy v. Chase Manhattan Bank United States, NA, 369 F.3d 833, 842 (5th Cir. 2004); See also, Korotki v. Attorney Services Corp. Inc., 931 F. Supp. 1269, 1276 (D. Md. 1996).  As set forth in VeriFacts' Motion and the attached affidavit, as a skip tracer, VeriFacts had a "permissible purpose" as contemplated by the FCRA.  The question of permissible purpose is a legal one and can be resolved on summary judgment.  See, Zeller v. Samia, 758 F. Supp. 775, 781-82 (D. Mass. 1991).

Section 1681b(a) of the FCRA provides a consumer reporting agency may furnish a consumer report under the following circumstances:

> (3) To a person which [the consumer reporting agency] has reason to believe –
>
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer.

15 U.S.C. § 1681b(a)(3)(A).

Plaintiff fails to point to any genuine factual issues to rebut the affidavit of Ms. Gabler which was attached to VeriFacts' Motion, which specifically outlines that the only information VeriFacts obtained was location information that it provided to its clients. Instead, Plaintiff

argues that the collection of a debt does not constitute a "permissible purpose" under § 1681b(a) of the FCRA.  *Plaintiffs' Response*, pp. 8-14.  Plaintiff attempts to draw a similarity between the word "account" in 15 U.S.C. § 1681b(a)(3)(A) and "account" under section 903 of the Electronic Fund Transfer Act.  Plaintiff supplies no authority for this interpretation and comparison.  As set forth in VeriFacts' Motion, and the cases attached to VeriFacts' Motion, businesses who provided "skip tracing" information, such as VeriFacts, fall within the scope of the exception set forth in § 1681b(a)(3)(A).  See, Baker v. Trans Union LLC, et. al., 2010 U.S. Dist. LEXIS 51425, * 19-20 (D. Ariz. May 25, 2010); Wilson v. Sessoms, 1998 U.S. Dist. Lexis 8154, * 13 (M.D.N.C. March 16, 1998).

## IV.    CONCLUSION

As set forth in VeriFacts' Motion and its attached affidavit, it is not a "debt collector" in general, nor did it act as a "debt collector" in this case.  Plaintiff offers no evidence to the contrary, other than his conclusory allegation that a reference to FDCPA compliance on VeriFacts' website somehow renders it a "debt collector" generally, or that it specifically acted as a "debt collector" in this case.  To the contrary, Plaintiff's own affidavit attached to his Response supports the conclusion that VeriFacts did not act as a "debt collector," as Plaintiff purports to be unaware of any relationship between VeriFacts and an alleged debt.  Further, Plaintiff fails to offer any evidence to rebut the fact that VeriFacts' principle business is skip tracing, that it only obtained location information of Plaintiff, and that such conduct has consistently been held to constitute a "permissible purpose" under the FCRA.

Accordingly, VeriFacts respectfully requests that the Court enter judgment in favor of VeriFacts with respect to Plaintiff's claims in this case.

RESPECTFULLY SUBMITTED this 22nd day of December, 2011.

ADAM L. PLOTKIN, P.C.

By: s/ Steven J. Wienczkowski, Esq.
Steven J. Wienczkowski, #33105
621 Seventeenth Street, Suite 1800
Denver, Colorado 80293
Telephone: (303) 296-3566
FAX: (303) 296-3544
E-mail: swienczkowski@alp-pc.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2011, I electronically filed the foregoing using the CM/ECF system and placed the same in the U.S. Mail postage prepaid addressed to:

Lucas DeMaestri
9901 E. Evans Ave., #23D
Denver, CO 80247


By: s/Steven J. Wienczkowski, Esq.
Steven J. Wienczkowski