IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02430-WYD-KMT

LUCAS DEMAESTRI,
Plaintiff,

-v-

VERIFACTS INC.,
Defendant.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 12 2012

GREGORY C. LANGHAM
CLERK

## PLAINTIFFS OPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

COMES NOW Lucas DeMaestri ("the Plaintiff") to respectfully move the Court for leave to file an AMENDED COMPLAINT.

### CERTIFICATE OF CONFERRAL PURSUANT TO D.C. COLO.LCiv.R 7.1

The undersigned certifies that, pursuant to D.C.COLO.LCivR 7.1, the undersigned conferred with defendant regarding this Motion for Leave to file Second Amended Complaint pursuant to Fed. R.Civ.P. 42(a). Defendant does object to the relief requested and does not consent to the filing of this motion.

Plaintiff mistakenly left out facts and allegations in his first complaint that he now believes are crucial to proving his case. In addition, Plaintiff has discovered other violations by Defendant of his privacy and of the FCRA and FDCPA.

Plaintiff has amended him complaint to add the following facts and allegations:

1. Plaintiff obtained his consumer reports from the three major credit reporting agencies and found entries by entities he was unfamiliar with in the reports.

2. Plaintiff determined that his consumer reports had been obtained on various occasions by various entities he did not recognize and without his consent.

3. Plaintiff found after examination of his Experian consumer report that on December 10, 2009, Defendant obtained Plaintiff's consumer report two (2) times from Experian. (See, Exhibit A)

4. Plaintiff found after examination of his Experian consumer report that on March 18, 2010, Defendant obtained Plaintiff's consumer report from Experian. (See, Exhibit A)

5. Plaintiff found after examination of his Experian consumer report that on September 1, 2010, Defendant obtained Plaintiff's consumer report from Experian. (See, Exhibit A)

6. Plaintiff found after examination of his Experian consumer report that on September 20, 2010, Defendant obtained Plaintiff's consumer report from Experian. (See, Exhibit A)

7. Plaintiff found after examination of his Trans Union consumer report that in December 2009, Defendant obtained Plaintiff's consumer report from Trans Union. (See, Exhibit B)

8. Plaintiff found after examination of his Trans Union consumer report that in September 2010, Defendant obtained Plaintiff's consumer report two (2) times from Trans Union. (See, Exhibit B)

9. Plaintiff found after examination of his Trans Union consumer report that in March 2010, Defendant obtained Plaintiff's consumer report from Trans Union. (See, Exhibit B)

10. The FCRA, 15 U.S.C § 1681b defines the permissible purposes for which a person may obtain a consumer report.

11. Such permissible purposes as defined by 15 U.S.C § 1681b are generally, for the review or collection of an account, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona-fide offer of credit as a result of the inquiry.

12. The FCRA, 15 U.S.C. § 1681a(r)(4) defines the term "account".

13. The FCRA, 15 U.S.C. § 1681a(r)(4) defines the meaning of the term "account" as follows:

The terms "account" and "electronic fund transfer" have the same meanings as in section 903 of the Electronic Fund Transfer Act.

14. Section 903, Definitions of the Electronic Fund Transfer Act, defines the meaning of the term "account" as follows:

The term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 103(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement.

15. Defendants motive for obtaining Plaintiff's consumer reports was to obtain information regarding the Plaintiff.

16. The information from Plaintiff's consumer reports obtained by Defendant was provided to a client(s) of Defendant in order to assist their client(s) in the collection of an alleged debt of the Plaintiff.

17. The FDCPA, 15 U.S.C. § 1692e(10) states the following as a violation: The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

18. Under the "Technology and Quality Assurance" link of Defendants website located at www.skiptracers.com, Defendant assures its compliance with the FDCPA.

19. Plaintiff has never had any business dealings, debts or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona-fide offer of credit from Defendant VERIFACTS INC. or any of its alleged debt collection agency clients.

20. At no time has Plaintiff ever given his consent for Defendant VERIFACTS INC. to obtain his consumer report from any credit reporting agency.

21. On December 10, 2009, Defendant obtained Plaintiff's consumer report two (2) times from Experian without a permissible purpose in violation of 15 U.S.C § 1681b.

22. On March 18, 2010, Defendant obtained Plaintiff's consumer report from Experian without a permissible purpose in violation of 15 U.S.C § 1681b.

23. On September 1, 2010, Defendant obtained Plaintiff's consumer report from Experian without a permissible purpose in violation of 15 U.S.C § 1681b.

24. On September 20, 2010, Defendant obtained Plaintiff's consumer report from Experian without a permissible purpose in violation of 15 U.S.C § 1681b.

25. In December 2009, Defendant obtained Plaintiff's consumer report from Trans Union without a permissible purpose in violation of 15 U.S.C § 1681b.

26. In September 2010, Defendant obtained Plaintiff's consumer report two (2) times from Trans Union without a permissible purpose in violation of 15 U.S.C § 1681b.

27. In March 2010, Defendant obtained Plaintiff's consumer report from Trans Union without a permissible purpose in violation of 15 U.S.C § 1681b.

WHEREFORE, Plaintiff respectfully requests that this motion for leave to file an amended complaint be granted.

Dated: January 12, 2012
Respectfully submitted,

Lucas DeMaestri, Pro Se
9901 E. Evans Ave. #23D
Denver, CO 80247

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was mailed USPS first class mail to the person(s) listed below:

Steven J. Weinczkowski, Esq.
621 Seventeenth Street, Suite 1800
Denver, Colorado 80293

Plaintiffs Original Signature

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
FACSIMILE COVER SHEET

1. Date of Transmission:

    1/12/12

2. Name of *pro se* party making the transmission:

    LUCAS DEMAESTRI.

    Facsimile number: 720-535-6656 (call first)   Telephone number: 720-535-6656

3. Case number, caption and title of pleading or paper:

    11-cv-02430-WYD-KMT.

    LUCAS DEMAESTRI v. VERIFACTS INC.,

    MOTION FOR LEAVE TO FILE AMENDED COMPLAINT FOR
    VIOLATIONS OF THE FCRA AND FDCPA

4. Number of pages being transmitted, including facsimile cover sheet: 6

    Instructions: