# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 11-cv-02430-WYD-KMT

LUCAS DEMAESTRI,

Plaintiff,

v.

VERIFACTS, INC.,

Defendant.

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOCKET NO. 23)**

---

COMES NOW, the Defendant, VeriFacts, Inc. ("Defendant" or "VeriFacts"), by and through its counsel of record, and for its Response to Plaintiff's Motion for Leave to File Amended Complaint (Docket No. 23, Plaintiff's "Motion to Amend"), states as follows:

**I.    INTRODUCTION**

Plaintiff filed his original Complaint on September 15, 2011. See, Docket No. 1. In his Complaint, Plaintiff alleges that VeriFacts violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* (the "FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (the "FDCPA"). Id. VeriFacts filed its Answer to the Complaint on October 24, 2011, denying the substantive allegations contained in Plaintiff's Complaint. See, Docket No. 9. On November 22, 2011, VeriFacts filed a Motion for Summary Judgment. See, Docket No. 11 (VeriFacts' "Motion."). As set forth in its Motion, VeriFacts had a "permissible purpose" to obtain location information from Plaintiff's credit report and, therefore, Plaintiff's claims under the FCRA fail as a matter of law. Further, as VeriFacts is not considered a "debt collector" under the FDCPA, Plaintiff's claims under that statute also fail as a matter of law. Plaintiff filed

his Response to VeriFacts' Motion on December 8, 2011 (See, Docket No. 13), and VeriFacts filed its Reply on December 22, 2011. See, Docket No. 14. Accordingly, VerifFacts' Motion is fully ripe for the Court's review.

Plaintiff now seeks leave to amend his Complaint to add additional allegations which Plaintiff maintains he "mistakenly" left out of his Complaint. VeriFacts opposes Plaintiff's Motion to Amend as amendment to add the allegations proposed by Plaintiff would not alter the fact that Plaintiff's claims should be dismissed as a matter of law for the reasons stated in VeriFacts' Motion. In fact, most of the allegations contained in the proposed Amended Complaint are simply arguments Plaintiff made in response to VeriFacts' Motion. As amendment would be futile, it should be denied.

## II.    APPLICABLE STANDARDS UNDER FED.R.CIV.P. 15

Pursuant to Fed.R.Civ.P. 15(a)(2), if a responsive pleading has been filed, a party may amend a pleading, "…only with the opposing party's written consent or the court's leave." The Court is to grant leave, "freely…when justice so requires." Fed.R.Civ.P.15(a)(2). However, Fed.R.Civ.P. 15(a) has its limitations. The decision whether to grant leave to amend is within the Court's discretion. See, Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). Leave to amend may be denied in the face of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." United ex rel. Ritchie v. Lockheed Martin Corp., 558 F.3d 1161, 1166 (10th Cir. 2009)(citing Foman v. Davis, 371 U.S. 178, 182(1962)). Amendment will be deemed "futile" "…if the complaint, as amended, would be subject to dismissal." Bell v. City of Topeka, KS, 279 F. App'x 689, 692 (10th Cir. 2008)(quoting Watson ex rel. Watson v. Beckel,

242 F.3d 1237, 1239-40 (10th Cir. 2001)).

### III. PLAINTIFF'S PROPOSED AMENDED COMPLAINT WOULD BE SUBJECT TO DISMISSAL AND, THEREFORE, AMENDMENT WOULD BE FUTILE

As set forth in VeriFacts' Motion, in order for Plaintiff to prove a violation of the FCRA, he must show that VeriFacts had an impermissible purpose in obtaining a credit report. See, Kennedy v. Chase Manhattan Bank United States, NA, 369 F.3d 833, 842 (5th Cir. 2004); See also, Korotki v. Attorney Services Corp. Inc., 931 F. Supp. 1269, 1276 (D. Md. 1996). Conversely, a showing of a permissible purpose is a complete defense. See, Advanced Conservation Sys. Inc. v. Long Island Lighting Co., 934 F. Supp. 53, 54 (E.D.N.Y. 1996). In its Motion and the affidavit attached to its Motion, VeriFacts has established that it had a "permissible purpose" pursuant to 15 U.S.C. § 1681b(a)(3)(A), and therefore did not violate the FCRA. See, Motion, pp. 5-7. Additionally, because VeriFacts is not considered "debt collector" as defined by 15 U.S.C. 1692a(6), Plaintiff's claims under the FDCPA fail as a matter of law. See, Motion, pp. 7-9.

In his proposed Amended Complaint, Plaintiff proposes numerous additional allegations, none of which change the fact that VeriFacts had a permissible purpose to obtain location information from Plaintiff's credit report. The allegations set forth in Paragraph Nos. 8 through 16 of Plaintiff's proposed Amended Complaint (Docket No. 21) simply relate to Plaintiff's contention that he obtained information that VeriFacts obtained Plaintiff's consumer report at various points in time. Allegations Nos. 16-33 contain legal arguments, many of which were included in Plaintiff's response to VeriFacts' Motion. None of Plaintiff's "new" allegations alter the fact that VeriFacts had a permissible purpose to obtain location information from Plaintiff's credit report; nor do these allegations alter the fact that VeriFacts is not considered a "debt

collector" under the FDCPA.  Accordingly, as Plaintiff's proposed Amended Complaint would be subject to dismissal for the reasons set forth in VeriFacts' Motion and Reply in support thereof, amendment would be futile and should be denied.

WHEREFORE, VeriFacts respectfully requests that the Court deny Plaintiff's Motion to Amend, and for such other and further relief as this Court deems proper.

RESPECTFULLY SUBMITTED this 3rd day of February, 2011.

ADAM L. PLOTKIN, P.C.

By: s/ Steven J. Wienczkowski, Esq.
Steven J. Wienczkowski, #33105
621 Seventeenth Street, Suite 1800
Denver, Colorado 80293
Telephone: (303) 296-3566
FAX: (303) 296-3544
E-mail: swienczkowski@alp-pc.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2011, I electronically filed the foregoing using the CM/ECF system and placed the same in the U.S. Mail postage prepaid addressed to:

Lucas DeMaestri
9901 E. Evans Ave., #23D
Denver, CO 80247

By:   _s/Steven J. Wienczkowski, Esq._____
Steven J. Wienczkowski