IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–02430–WYD–KMT

LUCAS DEMAESTRI,

      Plaintiff,

v.

VERIFACTS INC.,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on "Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a)" (Doc. No. 11, filed Nov. 22, 2011 [Mot. Summ. J.]), as well as "Plaintiffs [sic] Opposed Motion for Leave to File Amended Complaint" (Doc. No. 23, filed Jan. 12, 2012 [Mot. Am.]).  For the following reasons the court recommends that Defendant's Motion for Summary Judgment be granted in part and denied in part, that Plaintiff's Fair Credit Reporting Act claim be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and that Plaintiff's Motion to Amend be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

      The following factual background is taken from Plaintiff's Complaint (Doc. No. 1, filed Sept. 15, 2011 [Compl.]) and the parties' briefing with respect to this Recommendation. Plaintiff maintains that, on several occasions, Defendant "initiated a pull of Plaintiff's consumer

report from Experian without a permissible purpose, attempting to collect an alleged debt."

(Compl. ¶¶ 8-12.)  These pulls of Plaintiff's credit report allegedly occurred twice on December

10, 2009, once on March 18, 2010, once on September 1, 2010, and once on September 20,

2010.  (*Id.*)

Plaintiff filed his Complaint on September 15, 2011, wherein he asserts that Defendant's

pulls of his credit report violated his rights under the Fair Credit Reporting Act (FCRA), 15

U.S.C. § 1681 *et seq.* (FCRA), and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §

1692 *et seq.*  (*Id.* ¶¶ 13-20.)

Defendant filed its Motion for Summary Judgment on November 22, 2011.  (*See* Mot.

Summ. J.)  Plaintiff filed his "Motion in Opposition to Defendant's Motion for Summary

Judgment" on December 8, 2011, which the court construes to be a response to Defendant's

Motion for Summary Judgment.  (Doc. No. 13 [Resp. Mot. Summ. J.].)  Defendant filed its

Reply on December 22, 2011.  (Doc. No. 14 [Reply Mot. Summ. J.].)[1]

Thereafter, on January 13, 2012, Plaintiff filed his Motion to Amend the Complaint.  (*See*

Mot. Am.)  Defendant responded on February 3, 2012.  (Doc. No. 25 [Resp. Mot. Am.].)

Pursuant to D.C.COLO.LCivR 7.1C and Fed. R. Civ. P. 6(d), Plaintiff had until February 20,

---

[1] On March 15, 2012, "Defendant's Submission of Supplemental Authority Relating to
Defendant's Motion for Summary Judgment (Docket No. 11)" was filed.  (Doc. No. 26.)  The
court construes this filing to be a surreply.  There is no provision in either the Federal Rules of
Civil Procedure or the Local Rules of Practice in the District of Colorado provide for the filing
of a surreply without leave of court.  In any event, the court finds that the substance of
Defendant's Submission of Supplemental Authority would not materially alter the court's
analysis of Defendant's Motion for Summary Judgment.

2012 to file a reply.  No reply was filed on, or after, that date.  Accordingly, these matter is ripe

for the court's review and recommendation.

## LEGAL STANDARDS

### A.      Pro Se *Plaintiffs*

Plaintiffs are proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also*

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less

stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)

(citations omitted).  A court may not assume that a plaintiff can prove facts that have not been

alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated*

*Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see*

*also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply

additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*,

927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the

plaintiff in the absence of any discussion of those issues").

### B.      *Summary Judgment Standard*

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

3

The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

4

### C.      *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

5

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

### D.    *Leave to Amend the Pleadings*

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not

an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444,

446 (10th Cir. 1983).  Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

## ANALYSIS

The court first considers the arguments raised in Defendant's Motion for Summary Judgment.  The court then considers whether Plaintiff's FCRA claim states a claim for relief. Finally, the court turns to Plaintiff's Motion to Amend to determine whether Plaintiff's proposed amendments cure the deficiencies raised in Defendant's Motion for Summary Judgment and the court's analysis of Plaintiff's FCRA claim.

As a preliminary matter, Plaintiff maintains that Defendant's Motion for Summary Judgment should be stricken because it is "premature" as "discovery in this case has not been conducted or concluded."  (Resp. Mot. Summ. J. at 4, 15.)  However, Fed. R. Civ. P. 56(b) provides that, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."  Neither the Local Rules for the District of Colorado or any order entered in this case alter the time line of Rule 56.  Therefore, Defendant's Motion was timely under Rule 56(b).

Additionally, the court notes that Plaintiff has not filed an appropriate Rule 56(d) motion, accompanied by an affidavit or declaration, demonstrating that "for specified reasons, [he] cannot present facts essential to justify [his] opposition."  Fed. R. Civ. P. 56(d).  Consequently, the court finds that Defendant's Motion is not "premature" and it therefore turns to Defendant's substantive arguments as to why it is entitled to summary judgment.

In its Motion for Summary Judgment, Defendant seeks summary judgment as to both of Plaintiff's claims.  As to Plaintiff's FCRA claim, Defendant argues that it had a "permissible purpose" to obtain information from Plaintiff's credit report.  (Mot. Summ. J. at 5–7.)  As to Plaintiff's FDCPA claim, Defendant argues that it is not a "debt collector" within the meaning of the FDCPA and that, therefore, Plaintiff's FDCPA claim fails as a matter of law.  (*Id.* at 7-9.)

## A.    *FCRA Claim – Summary Judgment*

Plaintiff's FCRA claim alleges that Defendant willfully violated § 1681b(f) of the FCRA "by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. § 1681b." (Compl. ¶ 16(a).)  Defendant maintains that it had a permissible purpose, pursuant to 15 U.S.C. § 1681b(a)(3)(A), because it is in the business of skip-tracing, whereby it provides information to its collection agency clients as to the locations of debtors, and, accordingly, sought Plaintiff's credit report for the permissible purpose of collecting a debt. (Mot. at 5-7.)

"The FCRA imposes civil liability upon a person who willfully obtains a consumer report for a purpose that is not authorized by the FCRA." *Huertas v. Galaxy Asset Mgmt.,* 641 F.3d 28, 35 (3d Cir. 2011) (citing §§ 1681b(f), 1681n(a)).  Specifically, § 1681b(f) provides that "[a]

person shall not use or obtain a consumer report for any purpose unless . . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished [under § 1681b]." In order to establish a violation of the FCRA for obtaining a credit report without a permissible purpose, a plaintiff must prove that (1) there was a consumer report; (2) the defendant used or obtained it; (3) the defendant did so without a permissible statutory purpose; and (4) the defendant was negligent or willful in doing so. *Phillips v. Grendahl,* 312 F.3d 357, 364 (8th Cir. 2002) *abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47 (2007); *see also Nixon v. Enterprise Car Sales Co.,* No. 4:09CV1896 HEA, 2011 WL 4857941, at *3 (E.D. Mo. Oct. 13, 2011); *Shepherd–Salgado v. Tyndall Federal Credit Union*, No. 11–0427– WS–B, 2011 WL 5401993, at *3 (S.D. Ala. Nov. 7, 2011).

Here, Defendant argues that there is no genuine dispute of material fact as to the third element of Plaintiff's FCRA claim because Defendant had a permissible purpose for obtaining information from Plaintiff's consumer report. (Mot. Summ. J. at 5-7.) Defendant's argument appears to be two-fold, although the underlying positions are interrelated.

First, Defendant argues that it is entitled to summary judgment because it is in the business of skip-tracing and courts have found that skip-tracing businesses' practices fall within the scope of the permissible purposes outlined at § 1681b(a)(3)(A). 15 U.S.C. § 1681b(a)(3)(A) provides that a consumer reporting agency may furnish a consumer report "[t]o a person which it has reason to believe – (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer."

9

The business of skip-tracing has been described by the United States Court of Appeals for the Seventh Circuit as follows:

> Skip tracing is relatively uncomplicated.  Collection agencies provide skip tracers with identifying information, such as debtors' names and social security numbers.  The skip tracers then use their particular talents to discover the debtors' whereabouts.  The skip tracers pass this information back to the collection agencies, which may then contact the debtors or their employers to attempt collection of the debt through garnishment of wages or otherwise.

*United States v. Cummings,* 395 F.3d 392, 393 (7th Cir. 2005).  Consistent with this description, Defendant maintains that it "is in the business of providing creditors and debt collectors with "skip tracing information" and that "[s]kip tracing is the term used in the collection industry to describe the process of gathering location information relating to consumers."  (Mot., Ex. A, Affidavit of Sheila Gabler ¶ 3 [Gabler Aff.].)

The court acknowledges that other courts have found that businesses who provide skip tracing information may fall within the permissible statutory purpose found at § 1681b(a)(3)(A).  *See e.g. Baker v. Trans Union LLC,* No. CV-10-8038-PCT-NVW, 2010 WL 2104622, at *7 (D. Ariz. May 25, 2010).  However, the court is not willing to go so far as to hold that skip-tracing businesses have *carte blanche* authority to obtain a consumer's credit report.  Instead, the court finds that the proper inquiry is what specific purpose the defendant skip-tracer had for each instance it obtained the plaintiff's consumer report on the particular facts of the case.  Indeed, the language of § 1681b(a)(3)(A)'s permissible purpose supports this interpretation as it speaks to "*a* credit transaction involving *the* consumer*"; it does not speak to the business practices of the "person" who obtains the consumer's credit report.  § 1681b(a)(3)(A) (emphasis added).  One

10

could certainly fathom circumstances where a business otherwise engaged in skip-tracing obtains

a consumer's credit report without any permissible purpose therefor.  Accordingly, the court

finds that the mere fact that Defendant may be in the business of skip-tracing is insufficient to

entitle Defendant to judgment as a matter of law.

Defendant also maintains that, in this case, it "obtained location information regarding

[Plaintiff] in order to provide this information to two of VeriFacts' debt collection clients."

(Gabler Aff. ¶ 5.)  Notably, Defendant has not identified its client to the court.  (*See id.* ¶¶ 5-6.)

Additionally, Defendant asserts, by way of the sworn testimony of Shiela Garbler, Defendant's

President, that both of its debt collection clients "certified that any information they obtained

from VeriFacts would be used in connection with a credit transaction involving the consumer,

and involving the extension of credit, or in connection with the review or collection of an

account of the consumer."  (*Id.* ¶ 6.)

However, Defendant does not include any facts Defendant has not provide the court with

its clients' written certifications, if any, or even the substance of those certifications.  *See*

*Obabueki v. Int'l Bus. Machines Corp,* 145 F. Supp. 2d 371, 395 (declining to accept a

defendant's testimony regarding its client's oral certifications because they were unspecified

and, in any event, inadmissible hearsay).  Indeed, as already noted, Defendant has not even

identified their debt collection clients, which largely precludes Plaintiff from responding to

Defendant's assertion that it had a permissible purpose to obtain his credit report.  Nor does

Defendant include any facts detailing the underlying credit transaction that justified its pull of

Plaintiff's credit report, or, as Plaintiff persuasively notes (*see* Resp., Ex. A, Affidavit of Lucas

11

DeMaestri, ¶ 3 [Demaestri Aff.]), as to whether their debt collection clients, or their debt collection clients' clients, had any contractual or other relationship with Plaintiff.  Finally, the court notes that Defendant, vis-a-vis Ms. Garbler, has essentially recited the text of §1681b(a)(3)(A)'s permissible purpose, without any supporting facts, into an affidavit.  (*Compare* Garbler Aff. ¶ 6 *with* 15 U.S.C. § 1681b(a)(3)(A).)

These scant facts, and Defendant's palpable omission of other important facts, fail to rise to the level of demonstrating that there is no genuine dispute as to whether Defendant had a permissible purpose for obtaining Plaintiff's credit report.  Affording Defendant summary judgment on such limited facts, without allowing Plaintiff to test them in discovery, would render the FCRA's protections nugatory.  Altogether, the court finds that Defendant is not entitled to summary judgment as to Plaintiff's FCRA claim.

**B.      *FCRA Claim – Failure to State a Claim for Relief***

Although the court has rejected Defendants' summary judgment argument as to Plaintiff's FCRA claim, the court notes that, because Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 (*see* Doc. No. 3, filed Sept. 3, 2011), it has jurisdiction to recommend dismissal of Plaintiff's claims *sua sponte*.  28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.")  Plaintiff's FCRA claim clearly fails to state a claim for relief.

As noted above, to state a claim for improper use or acquisition of a credit report, a plaintiff must allege that (1) there was a consumer report; (2) the defendant used or obtained it;

12

(3) the defendant did so without a permissible statutory purpose; and (4)defendant was negligent or willful in doing so. *Phillips,* 312 F.3d at 364; *see also McFarland v. Bob Saks Toyota, Inc.,* 466 F. Supp. 2d 855, 867 (E.D. Mich. 2006).  Although Plaintiff alleges that Defendant initiated a "pull" of Plaintiff's consumer report on five separate dates, thereby satisfying the first two elements, Plaintiff's allegations are completely conclusory as to the latter two elements. Plaintiff's makes only formulaic allegations, devoid of any factual enhancement, that Defendant "willfully violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. § 1681b."  (Compl. ¶ 16(a); *see also id.* ¶¶ 8-12.) Without more, these allegations fail to state a claim for relief under the FCRA.[2]  *Iqbal,* 129 S.Ct. at 1940 ("[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks, citations, and alterations omitted).  Accordingly, the court finds that Plaintiff's FCRA claim, as set forth in his Complaint, is properly dismissed.

---

[2] In his Response, Plaintiff maintains that, even assuming Defendant had a permissible purpose in providing its clients with location information relating to Plaintiff, "[l]ocation information could have reasonably been obtained by Defendant in the first few instances Defendant obtained Plaintiff's consumer reports," and that "this does not explain why Defendant obtained Plaintiffs [sic] consumer report on five (5) separate occasions."  (Resp. at 6.)  However, another court has persuasively rejected the position that, even where a permissible purpose exists, a defendant is limited to accessing only a single credit report.  *Rydell v. Servco Auto Windward,* 2011 WL 5506088, at *3 (D. Haw. Nov. 9, 2011) (citing *Stergiopoulos v. First Midwest Bancorp.,* 427 F.3d 1043, 1046 (7th Cir. 2005); *Padin v. Oyster Point Dodge,* 397 F. Supp. 2d 712, 720 (E.D. Va. 2005)).  In any event, Plaintiff's position does not alter the fact that his Complaint includes only conclusory allegations that Defendant did not have a permissible purpose when obtaining his credit report.

**C.      FDCPA Claim – Summary Judgment**

Plaintiff's FDCPA claim alleges that Defendant violated 15 U.S.C. § 1692e(10) by using "false representation[s] or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer."  (Compl. ¶ 20(a).)  Plaintiff also alleges that Defendant violated § 1692f(1) of the FDCPA by using "unfair or unconscionable means to collect or attempt to collect any debt."  (*Id.* ¶ 20(b).)  In its Motion for Summary Judgment, Defendant maintains that it is entitled to summary judgment because it is not a "debt collector" as defined by 15 U.S.C. § 1692a.  (Mot. Summ. J. at 7-9.)

In order to assert an actionable FDCPA claim, Plaintiff must establish that Defendant is a debt collector.  *See* 15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to eliminate the abusive debt collection practices by debt collectors . . . .")  A debt collector is generally defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  *Id.* at § 1692a(6).

Several courts have found that skip-tracing businesses are not debt collectors within the meaning of § 1692(e) because their principle purpose is not to collect debts, but instead to locate property or consumers on behalf of their clients for any number of reasons.  *See Goldstein v. Chrysler Fin. Co.,* 276 F. Supp. 2d 687, 690 (E.D. Mich 2003); *Campbell v. Triad Fin. Corp.,* No. 5:07-CV-579, 2007 WL 2973598, at *9 (N.D. Ohio 2007).  *See also Baker v. Trans Union LLC,* No. CV-10-8038-PCT-NVW, 2010 WL 2104622, at *8-9 (D. Ariz. 2010) (citing *Romine v.*

*Diversified Collection Servs., Inc.,* 155 F.3d 1142, 1145 (9th Cir. 1998) (finding that a skip-tracing business was not a debt collector where it engaged in "mere information gathering," which, under applicable Ninth Circuit precedent, is insufficient to bring an entity within the FDCPA's coverage).[3]

Here, Defendant has set forth evidence that the principal purpose of its business is not to collect debts, but instead is to provide skip-tracing information to its clients. (Gabler Aff. ¶ 4.) Relatedly, Defendant avers that it does not engage in the practice of collecting debts owed or due to another. (*Id.*) Plaintiff has not offered any evidence suggesting that Defendants' course of business falls within § 1692a(6)'s definition of a "debt collector."

Rather, Plaintiff maintains that the fact that Defendant's website assures its compliance with the FDCPA means that the FDCPA applies to Defendant. (Mot. at 7-8, Ex. B.) In another recent case, this court held that, while a defendant's inclusion of language commonly referred to as a "mini-Miranda" or "debt collector preface" may be "'some' evidence to be considered in the debt collector determination, it is not particularly persuasive standing alone." *Hightower-Henne v. Gelman,* No. 11-cv-01114-KMT-BNB, 2012 WL 95208, at *7-8 (D. Colo. Jan. 12, 2012). Compared to a defendant's use of a "mini-Miranda" preface in communications, an isolated and

---

[3] Plaintiff cites *Baker* as stating that "[a]lthough a close question, the Court concludes that Verifacts does fall within the definition of a 'debt collector' and therefore is subject to the FDCPA." (Resp. at 5 (citing *Baker,* 2010 WL 2104622, at *8).) However, a closer review of *Baker* indicates that this statement was likely a typographical error, as it is clear that the court ultimately concluded "as a matter of law that [Verifacts] is *not* a debt collector for purposes of the FDCPA" and, as a consequence, dismissed the plaintiff's claims without leave to amend. *Baker,* 2010 WL 2104622, at *9 (emphasis added).

very brief statement on Defendant's website ensuring its "Compliance" with the FDCPA is even less persuasive evidence of Defendant's purported "debt collector" status.

Altogether, Defendant has submitted undisputed evidence that clearly suggests that it is not a debt collector within the meaning of the FDCPA.  Plaintiff has failed to usher forward any evidence that Defendant indeed falls under § 1692a(6)'s definition of a "debt collector." Accordingly, the court finds that Plaintiff's FDCPA claim against Defendant fails as a matter of law, and that Defendant's Motion for Summary Judgment is properly granted as to this claim.

**D.      *Motion to Amend***

Having concluded that Plaintiff's FCRA claim fails to state a claim for relief and that Plaintiff's FDCPA claim fails as a matter of law, the court turns to Plaintiff's Motion to Amend to determine whether his proposed Amended Complaint (Doc. No. 23-1, filed Jan. 12, 2012 [Am. Compl.]) cures the deficiencies noted above.  The court finds that they do not.

"Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile." *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Watson ex rel. Watson v. Beckel,* 242 F.3d 1237, 1240 (10th Cir. 2001) (citations omitted).[4]

---

[4] To be sure, at other times the Tenth Circuit has indicated that "[t]he futility question is functionally equivalent to the question of whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).  However, as outlined above, Defendant has demonstrated that Plaintiff's FDCPA claim fails as a matter of law because

As to his FDCPA claim, Plaintiff proposed amendments might cure the deficiencies in his original Complaint as to whether Defendant had a permissible purpose to obtain his credit report.  More specifically, Plaintiff's proposed Amended Complaint alleges that

> Plaintiff never had any business dealings, debts, or any accounts with, made applications for credit from, made application for employment with, applied for insurance from, or received a bona-fide offer of credit from Defendant VERIFACTS INC or any of its alleged debt collection agency clients.

(Am. Compl. ¶ 25.)  Additionally, Plaintiff seeks to allege that "[a]t no time has Plaintiff ever given his consent for Defendant VERIFACTS INC to obtain his consumer report from any credit reporting agency."  (*Id.* ¶ 26.)  These allegations come closer to satisfying Plaintiff's burden to allege that Defendant obtained Plaintiff's credit report without a permissible statutory purpose. *See Perl v. Plains Commerce Bank,* No. 11 Civ. 7972 (KBF), 2012 WL 760401, at *2 (S.D.N.Y. Mar. 8, 2012) (finding that a complaint contained sufficient allegations to establish that the defendant lacked a permissible purpose for obtaining the plaintiff's credit report where it alleged that "plaintiff never had business dealings or an account with defendant, made an application for credit or employment or consented to the pull.")  However, given that Defendant is a skip-tracing business, and its clients are debt collectors—as opposed to debt holders—these allegations are still tenuous on this element.

In any event, Plaintiff must also sufficiently allege that Defendant acted with the requisite state of mind.  Much like his original Complaint, Plaintiff's proposed Amended Complaint

---

it is not a "debt collector" within the meaning of 15 U.S.C. § 1692a.  Accordingly, the court will evaluate Plaintiff's proposed amendments to his FDCPA claim to determine whether they overcome the court's conclusion that Defendant is not a "debt collector."

features only conclusory allegations that Defendant "willfully violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report on nine (9) separate occasions without a permissible purpose as defined by 15 U.S.C. § 1681b." (Am. Comp. ¶ 37.) The proposed Amended Complaint lacks any factual allegations establishing that Defendants knew that it had no permissible purpose or recklessly disregarded its obligation to have a permissible purpose under the law. *See generally Safeco Ins. Co. v. Burr,* 551 U.S. 47, 56-60 (2007) (holding that willfulness as used in § 1681n of the FCRA means knowledge or recklessness). "That is, it is just as possible, based on the factual allegations, that the defendant . . . made an innocent factual mistake."[5] *Perl,* 2012 WL 760401, at *2. Accordingly, the court finds that Plaintiff's proposed amended FCRA claim is futile insofar as it continues to fail to state a claim for relief. *Jefferson Cnty. Sch. Dist.*, 175 F.3d at 859.

As to Plaintiff's FDCPA claim, Plaintiff's proposed Amended Complaint does not include any allegations controverting the court's conclusion that Defendant is not a debt collector within the meaning of the FDCPA. (*See* Am. Compl.) Indeed, there are no additional allegations that address whether Defendant "(1) is principally in the business of debt collection

---

[5] In fact, Plaintiff concedes that the "[t]he information from Plaintiffs [sic] consumer reports obtained by Defendant was provided to a client(s) of Defendant in order to assist their client(s) in the collection of an alleged debt of the Plaintiff." (Am. Compl. ¶ 23.) In light of this allegation, allowing Plaintiff an opportunity to further amend his Complaint would likely be futile, as this allegation contradicts any notion that Defendant willfully violated the FCRA. *See, e.g., Huertas,* 641 F.3d at 34 (§ 1681b(3)(A) authorizes the use of consumer information to collect on a delinquent credit account); *Thomas v. United States Bank, N.A.,* 325 F. App'x 592, 593 (9th Cir. 2009) ("requesting a credit report with the intent to collect on a debt is among the 'permissible purposes' listed in the FCRA.")

or (2) regularly attempts to collect debts, either directly or indirectly." *Baker,* 2010 WL 2104622, at *8 (citing *Romine,* 155 F.3d at 1145).  Therefore, the court finds that Plaintiff's proposed FDCPA claim is futile insofar as it does not overcome Defendant's summary judgment argument that it is not a "debt collector." *Watson,* 242 F.3d at 1240.

Accordingly, because it fails to cure the deficiencies noted *supra* as to Plaintiff's FCRA or FDCPA claims, the court finds that Plaintiff's proposed Amend Complaint is futile. Therefore, the court finds that Plaintiff's Motion to Amend is properly denied.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a)" (Doc. No. 11) be GRANTED in part and DENIED in part.  Specifically, the court recommends that Defendant's Motion be GRANTED with respect to Plaintiff's FDCPA claim, and that summary judgment be entered in favor of Defendant on that claim, but DENIED with respect to Plaintiff's FCRA claim.

The court further respectfully

RECOMMENDS that Plaintiff's FCRA claim be dismissed *sua sponte,* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

Finally, the court respectfully

RECOMMENDS that "Plaintiffs [sic] Opposed Motion for Leave to File Amended Complaint" (Doc. No. 23) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

20

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 16th day of March, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge